UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

REBECCA E. LITTLEFIELD,
*on behalf of* C.E.L.,

                    Plaintiff,

     -against-                       7:05-CV-1261
                                          (LEK/DEP)

MICHAEL J. ASTRUE,
*Commissioner of Social Security*,

                    Defendants.

─────────────────────────────────

## <u>DECISION AND ORDER</u>

Plaintiff filed this action in federal court on October 5, 2005 on behalf of her minor daughter, C.E.L., seeking review of the Social Security Administration's denial of her daughter's application for children's social security income ("SSI") benefits under the Social Security Act. Compl. (Dkt. No. 1).  The matter is before the Court following a Report-Recommendation filed on January 8, 2008 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Report-Rec. (Dkt. No. 11). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  In the Report-Recommendation, the Magistrate Judge recommended that the agency's decision denying benefits to C.E.L. be affirmed.  Report-Rec. (Dkt. No. 11).

Plaintiff Rebecca E. Littlefield filed timely objections to the Report-Recommendation on January 22, 2008.  Pl.'s Objections (Dkt. No. 12).  She asserted therein that the recommendations to

1

the Court are in error in finding substantial evidence for the administrative law judge's conclusion

that C.E.L. is not disabled according to the criteria of a listed condition or the analysis for functional

equivalence; in finding that the administrative law judge applied the proper legal standard in the

utilization of treating physicians' testimony; and in finding that Plaintiff Littlefield's testimony was

afforded proper weight.  Id. at 3, 9, 15, 21.  It is the duty of this Court to "make a de novo

determination of those portions of the report or specified proposed findings or recommendations to

which objection is made."  28 U.S.C. § 636(b).  The Court has conducted a de novo review in light

of Plaintiff's objections.  For the reasons stated below, the Court holds that the Commissioner's

determination that C.E.L. is not disabled is reversed, and the case is remanded to the agency for

further proceedings consistent with this Order.

## I.  FACTUAL BACKGROUND

To augment the discussion below, the Court adopts the description of the case's factual

background contained in the Magistrate Judge's Report-Recommendation.  See Report-Rec., Part I.,

(Dkt. No. 11) at 3-6.

## II.  PROCEDURAL HISTORY

Plaintiff filed an application for SSI benefits on behalf of her minor daughter, C.E.L., on

October 6, 2003.  Administrative Transcript (Dkt. No. 6) at 95 (hereinafter "AT __").  The asserted

date of onset of disability is February 4, 2002.  Id.  The application was denied on December 30,

2003.  AT 87.  Plaintiff subsequently requested a hearing, which was held before Administrative

Law Judge ("ALJ") Barry Anderson on October 13, 2004.  AT 57-86.

In applying the childhood disability analysis to the facts of this case, the ALJ found, at the

first step, that C.E.L. has "not engaged in substantial gainful activity during any part of the period

2

under adjudication." AT 45. Second, the ALJ found that "[t]he child has a depressive disorder, an anxiety disorder, and a disruptive behavior (oppositional defiant) disorder with borderline to low average intellectual functioning, which are 'severe'" impairments for purposes of the three-step childhood disability test. Id. However, the ALJ then found that C.E.L.'s condition does not constitute the listed conditions of 112.04 (mood disorders), 112.06 (anxiety disorders), or 112.08 (personality disorders), because there was evidence of only one area of marked impairment, and two out of four specific areas must be markedly impaired to satisfy these listings. AT 46. Specifically, the ALJ found that C.E.L. is markedly impaired in the area of social functioning, but less than markedly impaired in age-appropriate cognitive/communicative function; age-appropriate personal functioning; and maintenance of concentration, persistence, or pace. Id.

Furthermore, the ALJ found that C.E.L.'s limitations are not functionally equivalent to a listed impairment because there was evidence of a marked limitation in only one, rather than the required two, out of six domains; and because she was not severely limited in any one of the six domains. AT 50-51. In this analysis, ALJ Anderson found C.E.L. suffers from a marked limitation in her ability to interact with and relate to others, but less than a marked limitation in acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for herself; and health and physical well-being. AT 48-50 Based on these findings, ALJ Anderson concluded that C.E.L. is not disabled, and denied the application for SSI benefits in a decision issued on October 27, 2004. AT 48-51. On August 30, 2005, the Social Security Administration Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the ALJ's decision became the final determination of the Commissioner. AT 5-7.

3

Plaintiff filed this action in federal court on October 5, 2005.  Compl. (Dkt. No. 1).  The matter was referred to the Honorable David E. Peebles, Magistrate Judge, who issued a Report-Recommendation on January 8, 2008, as described *supra*.  Plaintiff timely filed objections to the Report-Recommendation on January 22, 2008.  Pl.'s Objections (Dkt. No. 12).  Plaintiff's objections assert the following: 1) there is not "substantial evidence" for the determination by the ALJ that C.E.L. does not have a "marked impairment" in two of four areas, so as to constitute a listed impairment; 2) there is not "substantial evidence" for the ALJ's determination, in the functional equivalence analysis, that C.E.L. does not have a "marked" limitation in two domains or an "extreme" limitation in one of the six domains; 3) the ALJ failed to utilize the proper legal standards in evaluating the opinions from treating and non-treating doctors; and 4) the ALJ failed to afford proper weight to the testimony of C.E.L.'s mother.  See Objections (Dkt. No. 12) at 3, 9, 15, 21.  The case now comes before the Court for review.

### III.  DISCUSSION

**A.  Scope Of Review**

In reviewing a decision of the Commissioner, a district court is limited to determining whether the correct legal standards were applied and whether the decision is supported by "substantial evidence in the record as a whole."  Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted);  Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation and citations omitted).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the

4

evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (citation omitted). The ALJ is obligated to develop the record, and must demonstrate use of the proper legal standards. Shaw, 221 F.3d at 131. "[W]here there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards, even if the ultimate decision may be arguably supported by substantial evidence, the Commissioner's decision may not be affirmed." Martone v. Apfel, 70 F. Supp. 2d 145, 148 (2d Cir. 1999) (citation omitted).

**B. Childhood Disability Standard**

In determining a minor's eligibility for social security benefits, the SSA employs a three-step analysis.[1] In his Report-Recommendation to the Court, Magistrate Judge Peebles includes a detailed discussion of the appropriate legal analysis that must be applied by the ALJ. See Report-Rec., Part III., B., (Dkt. No. 11) at 12-15. The Court hereby adopts the discussion of the childhood disability standard contained in the Report-Recommendation. Id.

**C. The ALJ's Use Of Physicians' Opinions**

Plaintiff argues that the ALJ improperly discounted the opinions of C.E.L.'s treating psychiatrist and treating psychotherapist, and impermissibly relied on the report of a non-examining physician to reach the conclusions that C.E.L.'s limitations neither fulfill the requirements of a

---

[1] The agency crafted the regulations governing the disability determination pursuant to 42 U.S.C. § 1382c(a)(3)(C)(i). This statute provides that an individual under the age of eighteen is disabled, and thereby eligible for SSI benefits if the individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Id. If the individual under age eighteen "engages in substantial gainful activity," he or she is nonetheless excluded from benefits. 42 U.S.C. § 1382c(a)(3)(C)(ii).

listed impairment nor those of a functionally equivalent condition.  Pl.'s Objections (Dkt. No. 12) at

16-19.  In proceedings before the ALJ, Plaintiff offered, *inter alia*, written evidence from Jeanne

Emery, Psy.D., C.E.L.'s treating psychotherapist, and Jeffrey Aronowitz, M.D., C.E.L.'s treating

psychiatrist.  See AT 178-182, 183-186.  The agency submitted evidence from a non-treating agency

employee, J. Randall, M.D.  Dr. Randall relied on evidence offered by Plaintiff to formulate his

opinion that C.E.L. does not meet the criteria for childhood disability benefits.  See AT 251-257.

## 1. Legal Standard for Evaluating Physicians' Opinions

The opinion of a treating physician is usually entitled to controlling weight if it is supported

by medically acceptable clinical and diagnostic techniques.  Veino, 312 F.3d at 588; 20 C.F.R. §§

404.1527(d)(2), 416.927(d)(2).  However, "the opinion of the treating physician is not afforded

controlling weight where... the treating physician issued opinions that are not consistent with other

substantial evidence in the record."  Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004).  At the

same time, "[i]f an ALJ perceives inconsistencies in a treating physician's reports, the ALJ bears an

affirmative duty to seek out more information from the treating physician and to develop the

administrative record accordingly."  Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999) (quoting

Hartnett v. Apfel, 21 F.Supp.2d 217, 221 (E.D.N.Y.1998)).  While the ALJ is entrusted with

weighing contradictory medical evidence, the ALJ "must consider various 'factors' to determine

how much weight to give to the opinion" of the treating physicians.  Id.; 20 C.F.R. §

404.1527(d)(2).  These factors include the length of treatment and frequency of examination, nature

and extent of the treatment relationship, strength of the evidence offered in support of the opinion,

consistency of the opinion with the record as a whole, area of specialization of the treating source,

and any other factors that tend to support or detract from the opinion.  20 C.F.R. § 404.1527(d)(2)-

(6).

An ALJ's failure to apply the appropriate legal standards in weighing a treating physician's opinion or failure to provide reasons for rejecting a treating physician's opinion are bases for reversal and remand. Johnson v. Bowen, 817 F.2d 983, 985-986 (2d Cir. 1987); 20 C.F.R. § 404.1527(d)(2); Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998) (holding that a remand is required "because it is not entirely clear what legal standard the ALJ applied, and because we find that the ALJ and the SSA Appeals Council failed to follow SSA regulations requiring a statement of valid reasons for not crediting the opinion of plaintiff's treating physician.").

**2. Evidence from the Non-treating Physician**

Dr. Randall, an agency consultant, provided an opinion that C.E.L.'s impairments do not qualify her for SSI benefits. AT 251-256. Dr. Randall arrived at this conclusion based on evidence in the administrative record, not through an examination of C.E.L. Id. Dr. Randall's opinion is an attempt to evaluate C.E.L.'s limitations based on the descriptions provided by her treating doctors, and then provide this opinion by means of an agency form using the language of the applicable legal standards. Id. Dr. Randall found C.E.L. is severely impaired, but that the impairments do not constitute a listed impairment or a limitation that is functionally equivalent to such an impairment. AT 251. In the functional equivalence analysis, Dr. Randall found a "marked" limitation in the domain of interacting and relating to others, but a "less than marked" limitation in the areas of acquiring and using information, attending and completing tasks, and caring for yourself. AT 253-254. He found no limitation in the areas of moving about and manipulating objects and health and physical well-being. AT 254.

7

### 3.  Evidence from C.E.L.'s Treating Physicians

The descriptions provided by Dr. Emery and Dr. Aronowitz make clear that C.E.L. has persistent difficulties in a variety of areas.  In her submission dated September 14, 2004, Dr. Emery stated that "[t]his family will need to provide supervision for this child, well beyond an age that would be considered typical, probably through early adulthood, and possibly beyond"; "[h]er borderline to low-average intellectual functioning and learning disabilities will make it important that she continue to receive extensive academic support services, if she is to progress and transition somewhat productively into adulthood; and "she is unable to function at a developmentally appropriate level with peers."  AT 179.  While Dr. Emery notes that C.E.L. experienced some recent improvement due to a medication change, over the course of the previous year C.E.L. had inflicted physical violence on a family member and the family's dog, as well as persistently refused to shower, go to bed at night, and get out of bed in the morning, in addition to C.E.L.'s social and school difficulties.  AT 178.

Dr. Aronowitz's opinion is consistent with that of Dr. Emery, and also states that C.E.L. has a "tendency to act out inappropriately in a sexual manner."  AT 186.  The last few entries in Dr. Aronowitz's treatment notes submitted to the ALJ in 2004 noted that C.E.L. was demonstrating improvements on a new medication, but did not offer specifics to negate the above limitations, other than an absence of inappropriate sexual behavior.  Id.  The content of the opinions of these two treating doctors about C.E.L.'s limitations are relevant to the analysis of whether C.E.L. has a listed impairment as well as to the analysis of functional equivalence.

### 4.  ALJ's Application of the Legal Standard

In this case, the ALJ stated that he was affording "significant, but not controlling" weight to

the opinion of the non-examining consultant, Dr. Randall.  AT 45.  This would be sufficient if Dr. Randall's opinion was consistent with the other medical opinions or the overall record, or if the ALJ offered an explanation as to how he arrived at the assignment of weight to the opinions of the non-examining and examining physicians.  Barringer v. Comm'r of Social Security, 358 F.Supp.2d 67, 79 (N.D.N.Y. 2005) (citation omitted).  Here, neither ground for approval of the ALJ's decision is evident.  It is clear that the treating physicians offered opinions and evidence that the ALJ was required to consider in the course of assessing the domains of the functional equivalence analysis.  See *supra* at 6-7.  However, there is no evidence that ALJ Anderson considered the opinions of Dr. Emery or Dr. Aronowitz in assessing C.E.L.'s functioning in several domains in which these doctors had offered evidence.  Furthermore, the ALJ's decision offers no explanation as to why he did not accord weight to these opinions in conducting the disability analysis.  AT 48-50.  Ultimately, the ALJ reached the same conclusion about C.E.L.'s level of disability in each domain as the non-examining physician; the mere fact that the ALJ stated he was not giving controlling weight to the non-examining physician is insufficient to constitute a rationale for his interpretation of the physicians' opinions.  See, e.g., Veino, 312 F.3d at 588; 20 C.F.R. § 404.1527(d).

It is true that the evidence from the non-examining physician, Dr. Randall, does not explicitly contradict the language used by the treating doctors, Dr. Emery and Dr. Aronowitz.  This is, as Plaintiff points out, likely due to the fact that Dr. Emery and Dr. Aronowitz are not agency employees.  See Pl.'s Objections (Dkt. No. 12) at 16.  Dr. Emery and Dr. Aronowitz, appropriately, offered evidence describing and characterizing C.E.L.'s condition based on their respective professional expertise as her treating psychotherapist and psychiatrist.  The fact that neither treating doctor specifically used the words "marked" or "severe" to describe C.E.L.'s impairments cannot

fairly be used to infer that the doctors intended that the difficulties they described would not satisfy the legal standards for a finding of disability.  As described in <u>Rosa</u>, a treating physician's "failure to include this type of support for the findings in his report does not mean that such support does not exist; he might not have provided this information in the report because he did not know that the ALJ would consider it critical to the disposition of the case."  <u>Rosa</u>, 168 F.3d at 80 (quoting <u>Clark v. Comm'r of Soc. Sec.</u>, 143 F.3d 115, 118 (2d Cir. 1998)).  The absence of explicit contradictory language cannot be used to obscure judicial review of whether the governing legal standard has been applied, or to obviate an award of SSI payments to C.E.L.

Since it cannot be inferred that the non-examining doctor's opinion, formed in reliance on the opinions offered by the treating doctors, is consistent with the opinions of the treating doctors, the ALJ was obligated to explain the weight accorded to the treating physicians' opinions, as dictated by the factors provided by 20 C.F.R. § 404.1527(d).  Having failed to do so, the decision of the ALJ must be reversed.

Pursuant to 42 U.S.C. § 405(g), a district court may reverse with or without remand to the Social Security Administration.  Remand under sentence four of § 405(g) is appropriate when further development of the factual record is necessary, or to enable the ALJ to reconsider or demonstrate the use of the appropriate legal standard.  <u>Martone v. Apfel</u>, 70 F. Supp. 2d at 148; 42 U.S.C. § 405(g).  Reversal without remand is appropriate only in the rare circumstance where there is "persuasive proof of disability in the record and remand for further evidentiary development would not serve any purpose."  <u>Martone v. Apfel</u>, 70 F. Supp. 2d at 148 (internal quotation and citations omitted).  While several pieces of descriptive material from the treating doctors suggest C.E.L. meets the requirements for childhood disability benefits under either the functional

equivalence or listed impairment criteria, the evidence from the treating doctors leaves some ambiguity about the severity of C.E.L.'s impairments.  Therefore, the Court is remanding the case to the agency.

Given these findings, discussion of Plaintiff's other objections to the Report-Recommendation is unnecessary.

### IV.  CONCLUSION

The decision by the Commissioner fails to demonstrate application of the appropriate legal standard with regard to the opinions of C.E.L.'s treating physicians.  Accordingly, it is hereby

**ORDERED,** that the Report-Recommendation (Dkt. No. 11) is **REJECTED,** except those sections of the Report-Recommendation describing the factual background and childhood disability evaluation standards, which are incorporated into this Order by specific citations above; and it is further

**ORDERED**, that the Commissioner's decision denying Plaintiff's application for SSI benefits is **REVERSED** and the case is **REMANDED** to the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), for further proceedings; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:       March 17, 2008
             Albany, New York

Lawrence E. Kahn
U.S. District Judge

11